UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALUE DRUG COMPANY<br><br>                        Plaintiff,<br><br>- against -<br><br>TAKEDA PHARMACEUTICALS, U.S.A., INC., *et al.*,<br><br>                        Defendants. | Civil Action No.:<br>Related Case No.: 2:21-cv-03500-MAK[1] |

**MOVANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
SUBPOENA FOR PERSONAL PHONE RECORDS AND LOCATION DATA**

Victoria Spataro, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd. (together, "Teva"), and Watson Laboratories Inc. ("Watson") (collectively, "Movants"), pursuant to Federal Rule of Civil Procedure 45, hereby submits this Motion to Quash Value Drug Company's Subpoena to Verizon Wireless for Phone Records and Location Data, and in support states:

**I.     INTRODUCTION**

This motion seeks to quash a subpoena issued to Verizon Wireless ("Verizon") for phone records and location data of non-parties to an ongoing litigation in the Eastern District of Pennsylvania, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, Case No. 2:21-cv-03500-MAK (the "Underlying Action"). Movant Victoria Spataro is a former in-house counsel to Watson and Teva, who are defendants in that case. The subpoena was issued on November 8, 2022 by Value Drug Company ("Value Drug"), a wholesaler of pharmaceutical

---

[1]   As set forth herein, this Motion to Quash concerns a subpoena, issued from the federal court in the Eastern District of Pennsylvania, upon Verizon, a business headquartered in Bedminster, New Jersey. (*See* Ex. A.) In accordance with Rule 45(d)(3)(A), Movants ask this Court to quash the subpoena, as it is the court for the district where the recipient is headquartered.

products that is the Plaintiff in the Underlying Action. (*See* Ex. A.)[2] Movants seek to quash the subpoena for two independent reasons.

*First*, the subpoena was issued without any notice upon Teva and Watson, who are defendants in the Underlying Action. Teva and Watson did not learn of the subpoena until November 22, 2022, following Ms. Spataro's receipt of a letter dated November 15, 2022, and post-marked November 17, 2022, from Verizon informing Ms. Spataro of the subpoena. The failure to notice Teva and Watson of the subpoena before it was served on Verizon (or at any time thereafter) is a flagrant violation of Rule 45(a)(4) that renders the subpoena "procedurally invalid and unenforceable." *Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*, 2017 WL 3671096, at *1 (W.D. Pa. June 6, 2017). As a result, the Court should quash the subpoena in its entirety.

*Second*, the subpoena should be quashed with respect to its seeking of phone records related to Ms. Spataro's personal cell phone,[3] because those records are not plausibly relevant to the Underlying Action and therefore the burden resulting from the invasion of Ms. Spataro's privacy of a subpoena seeking *almost five years* of her personal call history is disproportionate to the needs of the Underlying Action. Indeed, as Movants' counsel informed Value Drug on November 22, 2022, there is no evidence—no document, no testimony from Ms. Spataro, and no testimony of any other witness—that Ms. Spataro ever used her personal cell phone for work while employed by Watson or Teva. (*See* Ex. B.) Because Ms. Spataro has a clear privacy

---

[2] References to Ex. __ are to the exhibits to the Declaration of Alexandra Russell, dated November 30, 2022 (the "Russell Decl.").

[3] Value Drug has also subpoenaed Ms. Spataro's Verizon for phone records from Ms. Spataro's work cell phone during the same time period and Ms. Spataro has no objection to a properly noticed and served subpoena for those records.

For the avoidance of doubt, Watson and Teva object to, and seek to quash, the challenged subpoena due to the failure to properly provide notice, and indeed the failure to provide any notice, of that subpoena. However, Watson and Teva would not object to a re-issued subpoena that was properly noticed and served and did not seek Ms. Spataro's personal phone records.

interest in her phone records, and there is no plausible relevance to the subpoenaed personal phone record data, the subpoena should be quashed as to Ms. Spataro's personal cell phone number.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Underlying Action concerns a settlement agreement that resolved a patent litigation between Watson and another pharmaceutical company, Takeda Pharmaceuticals U.S.A., Inc. Value Drug alleges that the settlement agreement between Takeda and Watson, which was later acquired by Teva, was unlawful and anticompetitive. Value Drug alleges that the settlement between Takeda and Watson was a part of a conspiracy between Takeda, Watson, and two other generic pharmaceutical companies to restrict output of the drug colchicine. From August 2015 to March 2016, Ms. Spataro was involved in the relevant settlement negotiations on behalf of Watson.

The subpoena was issued to non-party Verizon at 180 Washington Valley Road, Bedminster, NJ 07921, seeking the phone records and location data of nine phone numbers, including the personal phone number of Ms. Spataro as well as the work phone number of Ms. Spataro from her period of employ at Watson and later Teva. (*See* Ex. A.) Value Drug never served notice on any of Teva, Watson, or Ms. Spataro with respect to the subpoena. Instead, Ms. Spataro only received notice from Verizon itself, and Teva and Watson subsequently learned of the subpoena from Ms. Spataro. (*See* Russell Decl. ¶ 4.)

Through the subpoena, Value Drug seeks vast amounts of information concerning Ms. Spataro. Specifically, Value Drug seeks "Electronic specifications for all call, SMS, MMS, and data records for" Ms. Spataro's personal cell phone number, Ms. Spataro's work cell phone number, and seven other phone numbers. (Ex. A. at CM/ECF p.5.) The demanded records include outgoing and incoming phone numbers for *all* calls, date and time of call start and end

for *all* calls, the length of *all* calls, the time zone of *all* calls, the location of the phone for *all* calls, and the type of phone for *all* calls. (*Id.*) Value Drug seeks this information for a period of almost ***five years***. (*Id*. (describing the "Relevant Time Period" as "January 9, 2015 through and including December 31, 2019").)

The stated time of compliance for the subpoena was November 22, 2022. (Ex. A.) After learning of the subpoena, Movants' counsel reached out to Value Drug to demand the withdrawal of the subpoena for the same reasons set forth in this motion. (*See* Ex. B.) Value Drug never responded, and specifically has never offered any explanation as to how it believes its effort to obtain data from Ms. Spataro's personal cell phone—rather than limiting its request to her work cell phone—is relevant to the Underlying Action, let alone proportional to the needs of the case. (Russell Decl. ¶ 5.) Movants subsequently contacted Verizon to request that Verizon refrain from complying with the subpoena pending this motion and served a copy of a letter to Verizon regarding that request on Value Drug the next day. (*See* Ex. B.) Again, Value Drug made no response. (Russell Decl. ¶ 5.) Accordingly, Movants seek to quash the subpoena.

### III.   LEGAL STANDARD

"Subpoenas served in accordance with Fed.R.Civ.P. 45 must fall within the scope of discovery set forth in Fed.R.Civ.P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008). If a subpoena falls outside of the scope of discovery permitted by Fed.R.Civ.P. 26(b)(1), "then, upon a timely motion, the Court has authority to quash or modify same." *Id.*; *see also Gilmore v. Jones*, 2022 WL 267422, at *2 n.1 (D.N.J. Jan. 28, 2022) (noting that when "dealing with a discovery subpoena, the court has the inherent authority to quash or modify that subpoena."). Further, pursuant to F.R.C.P. 45(c)(3)(A), the Court "must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

4

*See Schmulovich*, 2008 WL 4572537 at *4.

IV.     ARGUMENT

     A.     **The Subpoena Is Procedurally Invalid and Unenforceable.**

Before a subpoena "is served on the person to whom it is directed, a notice and a copy of the subpoena ***must*** be served on each party." Fed. R. Civ. P. 45(a)(4). "Notice upon parties is required to enable the opposing party to object." *Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*, 2017 WL 3671096, at *1 (W.D. Pa. June 6, 2017). "The essential purpose of notice is 'to afford other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the party who served the subpoena.'" *Black v. Youngue*, 2014 WL 7335030, at *2 (W.D. Pa. Dec. 19, 2014) (quoting *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010); *see also Boyington v. Percheron Field Servs., LLC*, 2016 WL 2758293, at *2 (W.D. Pa. May 2, 2016) (quashing subpoena served upon "mobile telephone carriers" for failing to comply with Rule 45(a)(4)). Here, Value Drug provided no notice to Watson, Teva, or Ms. Spataro regarding the subpoena. Because both Watson and Teva are parties to the underlying action and were not provided with notice of the subpoena, "procedurally invalid and unenforceable." *Adams Pointe*, 2017 WL 3671096, at *1 (W.D. Pa. June 6, 2017). The subpoena should be quashed in its entirety. *See id.*

     B.     **Ms. Spataro Has Standing to Challenge the Subpoena.**

A motion to quash a subpoena may be brought by a someone with a privilege or privacy interest in the information sought. *See Schmulovich*, 2008 WL 4572537, at *4; *Patrick Collins, Inc. v. John Does 1-13*, 2013 WL 3466833, at *2 (D.N.J. July 10, 2013) (finding the defendant had third-party standing to challenge a subpoena to an internet provider because he asserted "personal and proprietary interests" in his subscriber information). Here, Ms. Spataro is the owner of a personal cell phone whose records are being sought and has privacy interests in the

5

phone records and location data. *See Carpenter v. U.S.*, 138 S.Ct. 2206 (June 22, 2018) (recognizing privacy interest in personal location data); *Gilmore*, 2022 WL 267422, at *2 n.1 (recognizing that a movant had standing to challenge a subpoena seeking phone records because movant, as here, asserted "personal and proprietary interests in his phone records."); *see also Ademiluyi v. Phillips*, 2014 WL 7012493, *2 (D. Nev. Dec. 12, 2014) (one has personal interest in securing privacy of his cell phone records.); *Winter v. Bisso Marine Co., Inc.*, 2014 WL 3778833, *2 (E.D. La. July 29, 2014) (noting personal interest in privacy of one's cell phone records).

      C.      **The Subpoena Does Not Seek Relevant Information.**

As described above, the vast quantity of data Value Drug seeks in the subpoena are not relevant to any of Value Drug's claims in the Underlying Action. "Under Rule 45, courts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable or oppressive." *Malhan v. Grewal*, 2020 WL 6391180, at *3 (D.N.J. Nov. 2, 2020) (cleaned up). And the party who issues a subpoena bears the burden of showing that the information is relevant to a claim or defense or otherwise discoverable. *Schmulovich*, 2008 WL 4572537, at *5.

Here, Value Drug seeks phone records and location data from the *personal* cell phones of Ms. Spataro for a period of nearly ***five years***. This is the definition of a fishing expedition and is inherently unreasonable. "Indeed, the subpoena's broad request for all phone records over the course of a year—without any subject-matter limitation—reveals just how unreasonable the subpoena is." *Gilmore*, 2022 WL 267422, at *2. The information and data Value Drug seeks from Verizon is private, sensitive information reflecting the personal life of Ms. Spataro, which is not relevant in any way to Value Drug's claims. This type of information is not discoverable. *Id.*

The lack of relevance of Ms. Spataro's personal cell phone records is only heightened here, where Value Drug cannot identify any basis to believe any relevant communication took place on Ms. Spataro's personal cell phone. Indeed, there is no basis beyond sheer speculation to support such a belief. Ms. Spataro's personal cell phone number appears nowhere in the nearly 500,000 documents produced in the Underlying Action, and no testimony in that case, including that of Ms. Spataro herself, indicates she ever used that phone for work purposes while employed by Watson or Teva. Instead, at her deposition, Ms. Spataro explicitly testified that this number is her "personal cell phone number" and contrasted it against "work cell phone numbers." (Ex. C at 6:19–7:9.) She went on to clarify that she did have a business cell phone while she was employed at Watson and Teva (*id.* at 7:10–22), which number is also subject to this subpoena and with respect to which Movants' only objection is Value Drug's failure to notice them of the subpoena.

Consistent with that lack of relevance, Value Drug does not allege in any of its pleadings, or its subpoenas, that Ms. Spataro *ever* engaged in any business discussions on her personal cell phone. "The Court is not obliged to find relevance" based solely upon speculation. *Gilmore*, 2022 WL 267422, at *2. Nor does Value Drug explain why information concerning Ms. Spataro's location when using her personal cell phone has any bearing on its claims. Nor could the existence of any such communications via her personal cell phone—which, again, there is no basis to believe ever took place on that phone—be probative of whether the ultimate settlement agreement was lawful. Because Value Drug "nowhere explains how these phone records…will help establish" any of their claims, Value Drug's subpoena must be quashed. *See id* (quashing subpoena for phone records due to a lack of relevance); *Schmulovich*, 2008 WL 4572537, at *5 ("Plaintiffs claim that they 'want to follow the money.' However, Plaintiffs do not articulate how

7

the money they seek to follow is relevant to this litigation." (cleaned up)); *Malhan*, 2020 WL 6391180, at *4 (quashing subpoena where information had insufficient connection to the case).

Even if Value Drug could establish that some narrow sliver of the subpoena is targeted at relevant material, the subpoena is still facially overbroad both temporally and substantively. Instead of narrowly targeting the few months near the end of 2015 when Watson and Takeda were negotiating the settlement agreement, Value Drug instead seeks almost **five years** of phone records and location data. *See Alton v. Liberty Med. Supply, Inc.*, 2007 WL 9702561, at *1 (S.D. Fla. Oct. 5, 2007) (rejecting request for telephone records as "temporally overbroad" when they sought phone records for one month following the relevant event); *see also Wright v. State of New Jersey*, 2017 WL 11633768, at *4 (D.N.J. Feb. 16, 2017) (denying motion to compel student loan documents and citing approvingly case law quashing a subpoena seeking phone records because that subpoena was "go-fish discovery"); *United States v. Fed'n of Physicians & Dentists, Inc.*, 63 F. Supp. 2d 475, 480 (D. Del. 1999) (denying motion to compel phone records as unduly burdensome).

And instead of submitting a narrow request regarding phone records reflecting conversations between the negotiators *only*, Value Drug seeks records regarding *all* conversations. A subpoena with such a wide scope is untenable and, at a minimum, should be substantially narrowed. *See Nationwide Mut. Ins. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 2010 WL 11507085, at *3 (M.D. Fla. Apr. 9, 2010) (holding that a "request for all cell phone records is overly broad"); *Russell v. City of Tampa, Fla.*, 2017 WL 2869518, at *4 (M.D. Fla. July 5, 2017) (substantially narrowing subpoena for phone records to a two-hour relevant time span). In fact, Value Drug itself has agreed to substantially narrow a subpoena for the personal cell phone records of another witness, Dr. Paul Tully, who was outside counsel to one of the other generic

8

pharmaceutical companies in the patent litigation. With respect to the subpoena for records regarding Dr. Tully's cell phone records, Value Drug agreed to limit its request only to records with other numbers it had identified as potentially relevant, and also agreed not to seek location data. (*See* Ex. D.) That was despite the fact that Dr. Tully's personal cell phone was listed in his work email signature line, unlike Ms. Spataro, who listed her work cell phone in her email signature block. (*See id.*; Ex. E.) Movants are unaware of any valid reason Value Drug might be seeking Ms. Spataro's personal cell phone records and are left to conclude that the motivation is instead simply to harass Ms. Spataro, and by extension Watson and Teva.

If this Court elects not to quash the facially overbroad subpoena in its entirety, Movants respectfully submit that it should nevertheless (1) narrow the subpoena to the time period wherein settlement negotiations took place (August 2015 through March 2016) and (2) narrow the request for phone records to communications between known negotiators.

## V. CONCLUSION

For the foregoing reasons, this Court should quash the subpoena.

Dated: November 30, 2022

By:   */s/ Liza M. Walsh*
Liza M. Walsh
William T. Walsh, Jr.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973)-757-1100

*Attorneys for Movants Victoria Spataro, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Watson Laboratories Inc.*